IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REBECCA LYNN GOWIN, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ] Case No.:CV-07-1876 |
| | ] |
| | ] 2:07 cv 1085 - WKW |
| MONTGOMERY COUNTY | ] |
| COMMISSION, MONTGOMERY | ] |
| COUNTY DETENTION FACILITY, | ] |
| D. T. MARSHALL (in his official | ] |
| Capacity and individually), GINA | ] |
| SAVAGE (in her official capacity as | ] |
| Director of the Montgomery County | ] |
| Detention Facility), SOUTHERN | ] |
| HEALTH PARTNERS, and | ] |
| FICTITIOUS DEFENDANTS A, B, and | ] |
| C, WHO ARE THOSE PERSONS, | ] |
| AND/OR ENTITIES WHICH OWNED, | ] |
| OPERATED, SUPERVISED, ACTED ON | ] |
| BEHALF OF, OR IN CONJUNCTION | ] |
| WITH, OR ARE AFFILIATED WITH | ] |
| THE OTHER NAMED DEFENDANTS | ] |
| WHOSE NAMES ARE OTHERWISE | ] |
| UNKNOWN, BUT WILL BE SUPPLIED | ] |
| BY AMENDMENT WHEN | ] |
| ASCERTAINED, JOINTLY AND | ] |
| SEVERALLY, INDIVIDUALLY, AND | ] |
| EACH IN HIS FULL OFICIAL | ] |
| CAPACITY. | ] |
| | ] |
| Defendants. | ] |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Montgomery County Commission, Montgomery County Detention Facility, D. T. Marshall and Gina Savage hereby give Notice of Removal of this action from the Circuit Court of Montgomery

County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division, as follows:

### Commencement of the Case

1. This action was commenced on November 30, 2007, with the filing of a Summons and Complaint in Civil Action No. 07-1876, in the Circuit Court of Montgomery County, Alabama, by the Plaintiff against Defendants Montgomery County Commission, Montgomery County Detention Facility, D. T. Marshall, Gina Savage, Southern Health Partners and several fictitious parties. (Exhibit "A")

### Jurisdictional Statement

2. This Court would have original jurisdiction of this action pursuant to 28 U.S.C. § 1331. Plaintiff's Complaint contains claims for deliberate indifference pursuant to the 14th Amendment to the U. S. Constitution and thus presents a question arising under the Constitution, laws, or treaties of the United States

### Timeliness of Removal

3. Pursuant to 28 U.S.C. §§ 1441 and 1446, the Defendants are timely removing this action within thirty days after service of the Plaintiff's Complaint, the pleading from which it was first ascertained that this case has become removable. 28 U.S.C. § 1446(b). (Exhibit "A")

### Removal to Middle District of Alabama

4. Removal is proper to the Middle District of Alabama, Northern Division, pursuant to 28 U.S.C. § 81, as Montgomery County is within its boundaries. Pursuant to

28 U.S.C. § 1441, this action is being removed to this Court, which embraces the place where the action is pending in state court.

### Attachment of State Court Pleadings and Records

5. Pursuant to Local Rules 3.1 and 81.1, and 28 U.S.C. § 1446, a completed civil cover sheet and clear and legible copies of all pleadings, motions, orders and other papers filed and served in this action are attached as Exhibit "A."

### Notice to State Court

6. Contemporaneously with the filing of this Notice of Removal in this Court, and in accordance with 28 U.S.C. § 1446(d), Defendants have sent written Notice of Removal to Plaintiff's attorneys and have filed a copy of this Notice with the Clerk of the Circuit Court of Montgomery County, Alabama.

### No Admission of Fact or Law

7. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

### Conclusion

WHEREFORE, THE PREMISES CONSIDERED, the Defendants respectfully submit that they are entitled to have this action removed from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted this 13th day of December, 2007.

/s/ *signature*
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Attorneys for Defendants Montgomery County
Commission, Montgomery County Detention
Facility, D. T. Marshall and Gina Savage

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, L.L.C.**
305 South Lawrence Street
Post Office Box 4660
Montgomery, Alabama 36103-4660
(334) 265-8573
(334) 264-7945 Fax

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon the following by causing a true and complete copy of same to be deposited in **the United States Mail,** sufficient first class postage prepaid, on this the 13th day of December, 2007 addressed as follows:

David W. Vickers
Aimee C. Smith
Law Offices of Vickers, Smith & White, PLLC
22 Scott Street
Montgomery, Alabama 36104
334-264-6466
334-265-1926 Fax

Daniel F. Beasley
Lanier Ford Shaver & Payne, PC
Suite 5000
200 Westside Square
Post Office Box 2087
Huntsville, Alabama 35801
256-535-1100
256-533-9322 Fax

29594

Of Counsel

| State of Alabama<br>Unified Judicial System | SUMMONS<br>-CIVIL- | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | | CV-2007-1876 |

IN THE _____Circuit_____ COURT OF _____Montgomery_____ COUNTY

Plaintiff _____Rebecca Lynn Gowin_____ v. Defendant _____Montgomery County Commission_____
_____ _____Montgomery County D.F., et al._____

NOTICE TO _____Montgomery County Commission_____
_____100 South Lawrence Street, Montgomery, AL 36104_____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____David W. Vickers_____ WHOSE ADDRESS IS _____22 Scott Street, Second Floor_____
_____Montgomery, AL 36104_____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __12/12/07__    _____Melissa Pittenour_____ By: _____
                          Clerk/Register

☐ Certified Mail is hereby requested.    _____David W. V._____
                                          Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
                                                                  (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____.
              (Date)

_____        _____
Date                          Server's Signature

_____        _____
Type of Process Server        Address of Server

                              _____
                              Phone Number of Server

DEFENDANT'S EXHIBIT 4

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br><br>CV-2007-1876 |
|---|---|---|

IN THE _____Circuit_____ COURT OF _____Montgomery_____ COUNTY

Plaintiff _____Rebecca Lynn Gowin_____ v. Defendant _____Montgomery County Commission_____
_____      D2    _____Montgomery County D.F., et al._____

NOTICE TO _____Gina Savage, Director Montgomery County Sheriff's Department_____
_____115 Perry Street, Montgomery, AL 36104_____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____David W. Vickers_____ WHOSE ADDRESS IS _____22 Scott Street, Second Floor_____
_____Montgomery, AL 36104_____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __12/12/07__   _____Melissa Rittenour_____   By: _____
                         Clerk/Register

[Stamp: FILED 2007 NOV 30 PM 5:06 CIRCUIT COURT OF MONTGOMERY COUNTY]

☐ Certified Mail is hereby requested.   _____David W. V_____
                                         Plaintiff's Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____ .
                                                                  (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama on _____ .
                                                                      (Date)

_____          _____
Date                            Server's Signature

_____          _____
Type of Process Server          Address of Server

                                _____
                                Phone Number of Server

| State of Alabama<br>Unified Judicial System | SUMMONS<br>-CIVIL- | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | | CV-2007-1876 |

IN THE _____Circuit_____ COURT OF _____Montgomery_____ COUNTY

Plaintiff _____Rebecca Lynn Gowin_____ v. Defendant _Montgomery County Commission_
_____     _Montgomery County D.F., et al._

NOTICE TO _____D.T. Marshall, Montgomery County Sheriff_____
_____115 Perry Street, Montgomery, AL 36104_____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____David W. Vickers_____ WHOSE ADDRESS IS _____22 Scott Street, Second Floor_____
_____Montgomery, AL 36104_____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __12/12/07__   _Melissa Rittenour_   By: _____
                    Clerk/Register

FILED IN CIRCUIT COURT OF MONTGOMERY COUNTY 2007 NOV 30 PM 5:07

[ ] Certified Mail is hereby requested.   _____
                                           Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____.
                                                                  (Date)
[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County,
Alabama on _____.
           (Date)

_____          _____
Date                                Server's Signature

_____          _____
Type of Process Server              Address of Server

                                    _____
                                    Phone Number of Server

| State of Alabama<br>Unified Judicial System | SUMMONS<br>-CIVIL- | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | | CV-2007-1876 |

IN THE _____Circuit_____ COURT OF _____Montgomery_____ COUNTY

**Plaintiff** _____Rebecca Lynn Gowin_____ v. **Defendant** _____Montgomery County Commission_____
_____ D4 _____Montgomery County D.F., et al._____

**NOTICE TO** _____Southern Health Partners, Inc. c/o The Corporation Company_____
_____2000 Interstate Park Dr., Montgomery, AL 36109_____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____David W. Vickers_____ WHOSE ADDRESS IS _____22 Scott Street, Second Floor_____
_____Montgomery, AL 36104_____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __12/12/07__    _Melissa Rittenour_    By: _____
                         Clerk/Register

☐ Certified Mail is hereby requested.    _David Vickers_
                                         Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____.
                                                                (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____.
                     (Date)

_____    _____
Date                      Server's Signature

_____    _____
Type of Process Server    Address of Server

                          _____
                          Phone Number of Server

IN THE CIRCUIT COURT FOR
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| REBECCA LYNN GOWIN,<br>Plaintiff,<br><br>v.<br><br>MONTGOMERY COUNTY COMMISSION,<br>MONTGOMERY COUNTY DETENTION<br>FACILITY, D.T. MARSHALL (in his official<br>capacity and individually), GINA SAVAGE<br>(in her official capacity as Director of the<br>Montgomery County Detention Facility),<br>SOUTHERN HEALTH PARTNERS, and<br>FICTICIOUS DEFENDANTS A, B, AND C,<br>WHO ARE THOSE PERSONS, AND/OR<br>ENTITIES WHICH OWNED, OPERATED<br>SUPERVISED, ACTED ON BEHALF OF, IR IN<br>CONJUCTION WITH, OR ARE AFFILIATED<br>WITH THE OTHER NAMED DEFENDANTS<br>WHOSE NAMES ARE OTHERWISE<br>UNKNOWN, BUT WILL BE SUPPLIED BY<br>AMENDMENT WHEN ASCERTAINED,<br>JOINTLY AND SEVERALLY, INDIVIDUALLY,<br>AND EACH IN HIS FULL OFFICIAL CAPACITY, | Civil Case No. CV-2007-1876 |

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2007 NOV 30 PM 5:05

**JURY TRIAL DEMANDED**

**COMPLAINT**

COMES NOW Plaintiff REBECCA LYNN GOWIN, by and through his attorneys of record, and would show unto the Court as follows:

**JURISDICTION AND VENUE**

1. Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Eighth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, and 28 U.S.C. §

1

2202, to obtain declaratory and injunctive relief and compensatory and punitive damages. Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law.

2. The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama.

## PARTIES

3. Plaintiff REBECCA LYNN GOWIN (hereinafter, "Plaintiff") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama.

4. Defendant MONTGOMERY County Commission (hereinafter, "County") is the governing body of MONTGOMERY County, Alabama.

5. Defendant D. T. MARSHALL (hereinafter, "MARSHALL"), a better denomination of whom is presently unknown to Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto the Sheriff of MONTGOMERY County, Alabama, and is a person whose conduct proximately and directly harmed Plaintiff. MARSHALL is being sued in his individual capacity as Sheriff of MONTGOMERY in County, Alabama.

6. Defendant GINA SAVAGE (hereinafter, "SAVAGE"), a better denomination of whom is presently unknown to Plaintiff, is a natural person believed to be over the age of 19 years, is or was at all times material hereto the Director of the Montgomery County detention facility, and is a person whose conduct proximately and directly harmed Plaintiff. She is

being sued in her individual capacity as director of the Montgomery County Detention Facility.

7. Fictitious Defendants A, B, and C being those persons, firms or other legal entities who are the true and proper persons responsible for the medical care of the Montgomery County Detention Facility, whose true and correct identities are otherwise unknown at this time, but will be added by amendment when ascertained.

## NATURE OF PROCEEDINGS

8. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for their suffering as a consequence of the wrongs alleged herein.

## FACTS

9. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

10. On or about November 30, 2005, Plaintiff was incarcerated in the Montgomery County Detention Facility (hereinafter, "the jail") following an arrest. She was receiving medical care when the staff of the medical ward jammed a Q-tip in her ear causing it to break off in her ear where it stayed for an extended period of time.

11. The jail was built by and is maintained by the Montgomery County Commission, which is responsible for its design, construction, and maintenance.

12. The jail is under the general supervision of Marshall and Savage, who supervises all personnel and who establishes and promulgates all policies and procedures.

13. The jail's maintenance is under the direct supervision of Savage, a better denomination of whose title is presently unknown to Plaintiff.

14. Plaintiff was released from custody in order that the Sheriff and the County Commission might avoid further financial liability.

15. The day of her release, Plaintiff still suffered headaches, dizziness, nausea, and weakness. She sought further medical treatment.

16. Since then, Plaintiff has continued to suffer, and she is still undergoing medical treatment. Plaintiff has suffered ear damage and has developed other medical problems secondary to the damage caused by the Q-tip being jammed in her ear.

17. The conditions described herein, and each and all of them, have caused Plaintiff extreme pain and discomfort.

18. Plaintiff was unable to exhaust all available administrative remedies because of his custody release directly from the hospital.

## CAUSES OF ACTION

19. As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW – BALDWIN COUNTY COMMISSION, COMMISSIONERS, MARSHALL, SAVAGE

20. Montgomery County Commission built and, at all times material hereto, was legally obligated to maintain the Montgomery County Jail.

21. Under Alabama law, Montgomery County is required to build and maintain a jail.

22. Montgomery County acts by and through the Montgomery County Commission.

23. Marshall ans Savage carried out the maintenance function at the jail on behalf of the Montgomery County Commission.

24. The defendants, and each and all of them, failed and neglected to use qualified personnel to provide adequate medical care to the inmates at the jail, thus exposing Plaintiff to an unreasonable risk of harm.

25. The defendants, and each and all of them, failed and neglected to provide adequate medical care to Plaintiff, thus exposing Plaintiff to an unreasonable risk of known harm.

26. The defendants, and each and all of them, possessed but failed and neglected to provide Plaintiff adequate medical care, thus exposing Plaintiff to an unreasonable risk of known harm.

27. The defendants, and each and all of them, were deliberately indifferent to the substantial dangers faced by Plaintiff and all others similarly situated.

28. The harm suffered by Plaintiff directly and proximately resulted from the substantial dangers to which the defendants were deliberately indifferent.

29. Plaintiff had a constitutional right to safe, secure, and adequate medical care.

30. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

31. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

32. Plaintiff's rights under the Eighth and Fourteenth Amendments were thus impermissibly abridged and violated.

33. The aforesaid conduct proximately caused damage to Plaintiff in that it caused her to suffer physical damage, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## COUNT II – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW
## MARSHALL, SAVAGE

34. MARSHALL AND SAVAGE are the Sheriff of Montgomery County and the Director of the Montgomery County Detention Facility; as such he is a public official.

35. Marshall and Savage are required by statute to operate the Montgomery County jail.

36. Marshall and Savage deliberately subjected Plaintiff and all others similarly situated to a known risk of great harm.

37. Marshall and Savage confined Plaintiff and all other inmates in constitutionally deficient conditions, to wit: inadequate medical care.

38. Both were deliberately indifferent to the horrid conditions of Plaintiff's incarceration.

39. Plaintiff had a right to adequate medical care.

40. Plaintiff had a right to protection from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.

41. The aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

42. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

43. Plaintiff's rights under the Eighth and Fourteenth Amendments were thus impermissibly abridged and violated.

44. Marshall and Savage's actions as described above constitute State action for purposes of 42 U.S.C. § 1983.

45. The aforesaid conduct proximately caused damage to Plaintiff in that it caused her to suffer physical damage, pain, suffering, embarrassment, humiliation, extreme mental anguish and severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff prays for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Eighth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USC.A § 1983;

b) Grant Compensatory damages in favor of Plaintiff as against all defendants in an amount to be determined by the trier of fact;

c) Grant Punitive damages to Plaintiff against all defendants in the amount to be determined by the trier of fact;

d) Grant Plaintiffs the cost of this action including reasonable attorneys' fees;

e) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the 30th day of November, 2007.

                                                  /s/ *signature*
                                      DAVID W. VICKERS(VIC004)
                                      AIMEE C. SMITH (SMI220)
                                      Plaintiff's Attorneys

OF COUNSEL:
Law Offices of Vickers, Smith & White, PLLC
22 Scott Street
Montgomery, AL 36104
(334) 264-6466
(334)265-1926(Fax)

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

8