UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REBECCA LYNN GOWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV: 2:07-cv-01085-WKW-CSC |
| | ) | |
| MONTGOMERY COUNTY | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| Defendants | ) | |

BRIEF IN SUPPORT OF MOTION TO DISMISS

A.  Introduction

The plaintiff Rebecca Gowin filed this complaint in the Circuit Court of

Montgomery County, Alabama, on November 30, 2007, asserting two claims

under 42 U.S.C. § 1983.  The defendants removed this action to this Court on

December 13, 2007, and Southern Health Partners joined the removal on

December 18, 2007.  In the complaint, the plaintiff complains about receiving

constitutionally deficient medical care while incarcerated at the Montgomery

County Detention Facility, when some unnamed staff member allegedly

"jammed a Q-tip in her ear causing it to break off in her ear where it stayed for

an extended period of time." (Complaint, ¶ 10). She asks for compensatory and punitive damages.

In the caption of the complaint, the plaintiff listed as defendants the Montgomery County Commission, the Montgomery County Detention Facility, Sheriff D.T. Marshall in his official and individual capacities, Gina Savage in her official and individual capacities, Southern Health Partners, and some fictitious parties. In the body of the complaint, however, plaintiff does not even mention Southern Health Partners. She does not list Southern Health Partners as a party in the "Parties" section of the complaint, and she asserts no allegation whatsoever against Southern Health Partners in the body of the complaint. Finally, neither of the two counts are asserted against Southern Health Partners.

Rather, in the body of the complaint, the plaintiff identifies the other defendants, makes certain wholly conclusory allegations directed toward them, and asserts two and only two claims against only those defendants. In Count 1, plaintiff names as defendants only the Montgomery County Commission, Sheriff Marshall, and Director Savage. (Complaint, p. 4). In Count 2, she names as defendants only Sheriff Marshall and Director Savage. (Complaint, p. 6).

Southern Health Partners has moved to dismiss the action against it. This brief is in support of that motion.

### B.  Allegations of the Complaint

The complaint alleges that some staff member of the medical ward "jammed a Q-tip in her ear causing it to break off in her ear where it stayed for an extended period of time." (Complaint, ¶ 10). The complaint alleges that the plaintiff was "released from custody in order that the Sheriff and the County Commission might avoid further financial liability." (Complaint, ¶ 14). The complaint alleges that the plaintiff "has continued to suffer, and she is still undergoing medical treatment." (Complaint ¶ 16). The complaint alleges that the plaintiff has "suffered ear damage and has developed other medical problems secondary to the damage caused by the Q-tip being jammed in her ear." (Complaint ¶ 16).

The allegations of the complaint nowhere mention Southern Health Partners. Not one of the allegations names Southern Health Partners or asserts that Southern Health Partners or any of its employees took any action at all towards the plaintiff. Southern Health Partners is identified only in the caption of the complaint and nowhere else.

### C.  Argument

I.    The Complaint is Due to Be Dismissed Because Southern Health Partners is Not Identified or Mentioned in the Body of the Complaint.

The law on this point is clear and well-settled.  In <u>Tuley v. Heyd</u>, 482 F.2d 590, 594 (5th Cir.1973), the former Fifth Circuit held that a defendant is entitled to have a complaint dismissed, even though the defendant is listed in the caption of the complaint, when the defendant is not otherwise named or identified in the body of the complaint.  In <u>Tuley</u>, the Court held:

> The inadequacy of the complaint to state a claim under Section 1983 against Heyd or Falkenstein is patent. These two defendants are not named or otherwise identified in the body of the complaint. The pleading thus not only fails to indicate any direct, personal involvement of either defendant in the alleged deprivation of civil rights, but also fails to allege any arguable basis for vicarious liability. In the caption of his original complaint Tuley has included Heyd's name, followed by the title, "Criminal Sheriff Orleans Parish," and Falkenstein's name, followed by the title, "Warden, Orleans Parish Prison," but the inclusion of these names and notations of office in the caption does not amount to an allegation that either defendant was personally involved in the beating or to a sufficient allegation of the offices held by defendants at the time of the events in question or of the nature of the relationships which existed between Heyd and Massey and between Falkenstein and Massey.

<u>Id.</u> at 594.

This rule has been applied many times by district courts since.  See, e.g., Pickett v. Bryan County, 2007 WL 1238530, * 3 (S.D.Ga. 2007) ("Plaintiff's complaint contains no allegations against defendant Michael Larson. Plaintiff does not provide any facts in his complaint that indicate who Mr. Larson is or how he violated plaintiff's constitutional rights. In fact, defendant's name appears only in the caption of plaintiff's complaint. On that basis alone, plaintiff's complaint against defendant Michael Larson should be dismissed."); Taylor v. Donald,  2007 WL 1101242, * 2 (S.D.Ga. 2007) ("Deputy Warden Gregory Thomas, Medical Administration Officer Milton, and Dr. Fogam. Plaintiff has failed to make any specific claim against these defendants and does not even mention these defendants in the body of his complaint. Thus, plaintiff has not made any attempt to demonstrate direct involvement of these defendants or any link between the defendants' actions and any alleged constitutional deprivation."); Ballou v. Smith, 2007 WL 29329, * 2 (S.D.Ga. 2007) ("As for the remaining defendant, plaintiff has failed to state a colorable claim under § 1983 against Sergeant Marty Phillips. Plaintiff has failed to make any specific claim against Sgt. Phillips and does not even mention Phillips in the body of his complaint. Thus, plaintiff has not made any attempt to demonstrate direct involvement of defendant Sgt. Phillips or any link

between the defendant's actions and any alleged constitutional deprivation.

Accordingly, plaintiff's complaint fails to state a claim upon which relief may

be granted against defendant Sgt. Marty Phillips, and this defendant should be

DISMISSED."); Nesbitt v. Chatham County Sheriff's Dept., 2006 WL

3248383, * 2 n.1 (S.D. Ga. 2006) ("Although plaintiff lists Sheriff Al St.

Lawrence in the style of his case, he does not list the sheriff as a party or

mention him in the body of his complaint. Plaintiff has not stated any claim

against the sheriff, therefore.").

The same is true here. Although plaintiff lists Southern Health Partners

in the style of her complaint, she does not list Southern Health Partners as a

party or mention Southern Health Partners in the body of her complaint. Just

as in each of the cases above, plaintiff has therefore not stated a claim against

Southern Health Partners.[1]  The complaint against Southern Health Partners is

due to be dismissed.

---

[1]To the extent that the plaintiff is intending to assert a claim against Southern Health
Partners based on respondeat superior, the law is clear that no such claim exists.  Southern
Health is not liable for the alleged constitutional torts of its employees under § 1983 unless,
as the Eleventh Circuit has explained, the plaintiff proves that the acts of any employee were
executing or implementing an official policy or custom of Southern Health Partners.
Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir. 1997); Howell v. Evans, 922 F.2d 712, 724
(11th Cir. 1991).   For this reason too, therefore, the complaint is due to be dismissed.  Not
only is Southern Health Partners not identified in the body of the complaint, there is no
allegation that a policy or custom of Southern Health Partners caused any constitutional
deprivation.

Conclusion

For the above reasons, the complaint against Southern Health Partners

is due to be dismissed.


s/ Daniel F. Beasley
Daniel F. Beasley


s/ Scott W. Faulkner
Scott W. Faulkner


LANIER FORD SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, AL 35801
Phone: 256-535-1100
Fax: 256-533-9322
E-mail:  dbeasley@lfsp.com, sfaulkner@lfsp.com

Attorneys for Defendant Southern Health Partners

CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David W. Vickers
Aimee C. Smith
VICKERS, SMITH & WHITE, PLLC
22 Scott Street
Montgomery, Alabama  36104

Constance C. Walker
Thomas T. Gallion, III
HASKELL SLAUGHTER YOUNG & GALLION, LLC
305 South Lawrence Street
Montgomery, Alabama  36104

on this the 8th day of January, 2008.

s/ Scott W. Faulkner
Scott W. Faulkner