IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REBECCA LYNN GOWIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No.: 2:07cv1085-WKW |
| MONTGOMERY COUNTY ) | |
| COMMISSION, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS THE MONTGOMERY COUNTY COMMISSION AND THE MONTGOMERY COUNTY DETENTION FACILITY**

COME NOW Defendants the Montgomery County Commission and the Montgomery County Detention Facility, and submit the following memorandum brief in support of their Motion to Dismiss.

**I. FACTS**

On November 30, 2007, Plaintiff Rebecca Lynn Gowin filed this lawsuit against Defendants the Montgomery County Commission, the Montgomery County Detention Facility, Sheriff D.T. Marshall, Detention Director Gina M. Savage, Southern Health Partners, and several fictitious defendants. Plaintiff, a former inmate at the Montgomery County Detention Facility, seeks monetary damages as a result of an injury she received to her ear when medical staff at the detention facility allegedly "jammed a Q-tip in her ear." (Complaint, ¶ 10) In Count I of the Complaint, Plaintiff asserts claims for deliberate indifference to serious medical needs against Defendants the Montgomery County Commission and the Montgomery County Detention Facility. (Complaint, pp. 4-5)

## II. ARGUMENT

**A. The Montgomery County Commission is not a proper Defendant.**

In Count I of the Complaint, Plaintiff claims that she had a constitutional right to adequate medical care and that the Defendants were deliberately indifferent to a substantial risk of danger faced by the Plaintiff at the detention facility. Plaintiff's claim against Defendant the Montgomery County Commission is due to be dismissed because counties have no responsibility for the day-to-day operation of county jails or for supervising the Sheriff or his employees.

In *Turquitt v. Jefferson County,* 137 F.3d 1285, 1291-92 (11th Cir. 1998), the estate of a pretrial detainee in a county jail who was fatally injured in a fight with another inmate filed § 1983 claims against Jefferson County claiming inadequate supervision over inmates, overcrowding, and improper classification of inmates, all of which allegedly caused the inmate's death. *Id.* at 1286-1287. The court noted that under Alabama law, it was the duty of sheriffs "to ensure that inmates do not come to harm, to develop a policy of controlling inmate violence, and to staff the jail with appropriately trained jailors." *Id.* at 1288. The issue therefore was whether the sheriff functioned as a county policymaker when he took these actions which would make the county liable for his actions. *Id.* The court held that Alabama sheriffs are not county policymakers in their daily management of county jails for purposes of 42 U.S.C. § 1983. *Id.* at 1290-91.

The court also noted that under Alabama law, the jailers were employees of the sheriff, not the county. *Id.*; *Ala. Code* § 14-6-105 (1975); *King v. Colbert County*, 620 So. 2d 623 (Ala. 1993); *Lockridge v. Etowah County Commn.*, 460 So. 2d 1361 (Ala. Civ. App. 1984). A sheriff appoints, directs and controls the jailers who work at the jail. *Ala.*

C*ode* § 14-6-105 (1975); *Turquitt,* 137 F.3d at 1289. "Under the Alabama Code, the Sheriff has control over the inmates at the jail, the employees of the jail and the jail itself." *Turquitt,* 137 F.3d at 1289. Counties have no authority to hire, fire or manage the sheriff's employees. *Id; Lockridge v. Etowah County Commn.,* 460 So. 2d 1361, 1363 (Ala. Civ. App. 1984); *Terry v. Cook,* 866 F.2d 373, 379 (11th Cir. 1989). A sheriff's authority over his employees and the jail is totally independent of a county commission. *Turquitt*, 137 F.3d at 1289-1290.

The court further noted that although Alabama counties possessed some duties with respect to county jails, none of these duties pertained to the "daily operation of the jails or to the supervision of inmates."

> The duties of the counties with respect to the jails "are limited to funding the operation of the jail and to providing facilities to house the jail." *Stark v. Madison County,* 678 So. 2d 787, 787 (Ala. Civ. App. 1996). The county commission is charged with erecting and maintaining jails, and each county is required to maintain a jail of sufficient size and strength to secure the prisoners. Ala. Code §§ 11-14-10, 11-14-13 (1989). In construing these provisions, the Alabama courts have made it clear that the duty of the county to erect and maintain a county jail pertains exclusively to the physical plant of the jail. The duty to "maintain a jail" under § 11-14-10 is merely the duty to keep the "jail and all equipment therein in a state of repair and to preserve it from failure or decline." *Keeton v. Fayette County,* 558 So. 2d 884, 886 (Ala. 1989).

*Id*. at 1289-90.

Plaintiff's claims seeking to hold the Montgomery County Commission liable for the actions of the Sheriff, or the actions of the medical staff at the detention facility must be dismissed. As expressed in *Turquitt,* counties have no responsibility for the daily operation of county jails. Counties also do not manage the Sheriff or his employees who work at the jail. The Sheriff is also not a policymaker for Montgomery County or the

3

Montgomery County Commission with respect to the operation of the jail. *Turquitt,* 137 F.3d at 1290-91. Accordingly, all claims against Defendant the Montgomery County Commission should be dismissed.

**B.  The Montgomery County Detention Facility is not an entity capable of being sued.**

All claims against the Defendant the Montgomery County Detention Facility should also be dismissed because the Montgomery County Detention Facility is not a legal entity capable of being sued. *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992). Defendant therefore moves this Court to dismiss all claims against the Defendant identified in the Complaint as the Montgomery County Detention Facility.

**WHEREFORE, THE PREMISES CONSIDERED,** Defendants Montgomery County Commission and the Montgomery County Detention Facility respectfully move this Court to dismiss the Plaintiff's Complaint against them and award them any other relief to which they may be entitled.

> ___/s/*Constance C. Walker*
> Thomas T. Gallion, III (ASB-5295-L74T)
> Constance C. Walker (ASB-5510-L66C)
> Attorneys for the Defendants
> Montgomery County Commission and
> Montgomery County Detention Facility

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
Post Office Box 4660
Montgomery, Alabama  36103-4660
334-265-8573
334-264-7945 Fax

4

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the **CM/ECF** system that will send notification of such filing to the following counsel:

David W. Vickers
Aimee C. Smith
Law Offices of Vickers, Smith & White, PLLC
22 Scott Street
Montgomery, Alabama  36104

Daniel F. Beasley
Lanier Ford Shaver & Payne, P.C.
Post Office Box 2087
Huntsville, Alabama 35801

                                                                 __/s/*Constance C. Walker*
                                                                 OF COUNSEL

30210