IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| REBECCA LYNN GOWIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 2:07cv1085-WKW |
| v. | ) |
| | ) |
| MONTGOMERY COUNTY | ) |
| COMMISSION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS OF
DEFENDANTS D. T. MARSHALL AND GINA SAVAGE**

**COME NOW** Defendants D..T. Marshall and Gina Savage, and submit the following memorandum brief in support of their Motion to Dismiss.

**INTRODUCTION**

Defendant D.T. Marshall is the Sheriff of Montgomery County. (Complaint, ¶ 5) Defendant Gina Savage is the Director of the Montgomery County Detention Facility. (Complaint, ¶ 6) Plaintiff claims that the Montgomery County Detention Facility is under the general supervision of Marshall and Savage and that Marshall and Savage supervise all personnel and establish and promulgate all policies and procedures at the detention facility. (Complaint, ¶ 12) According to Plaintiff, Defendants Marshall and Savage "failed and neglected to use qualified personnel to provide adequate medical care to the inmates at the jail, thus exposing Plaintiff to an unreasonable risk of harm." (Complaint, ¶ 24) Plaintiff further claims that Defendants Marshall and Savage were deliberately indifferent by subjecting Plaintiff and other inmates to a known risk of great harm. (Complaint, ¶ 36) Plaintiff also claims that Defendants Marshall and Savage

"confined Plaintiff and all other inmates in constitutionally deficient conditions, to-wit: inadequate medical care." (Complaint, ¶ 37) Plaintiff seeks monetary damages and a declaratory judgment that the Defendants' conduct violated the Eighth and Fourteenth Amendments to the United States Constitution. (Complaint, p. 7)

Plaintiff's Complaint contains only conclusory allegations that Defendants Marshall and Savage were deliberately indifferent to the serious medical needs of the Plaintiff. There is no allegation in the Complaint that Defendants Marshall and Savage were or had reason to be on notice that Plaintiff was being denied proper medical care. The allegations against Defendants are nothing more than broad, generalized legal conclusions alleging that the Defendants are responsible for the alleged deliberate indifference of the medical staff at the detention facility. There are no allegations of fact directed toward Defendants Marshall and Savage in any way demonstrating how, as a matter of proximate cause, what they actually did, when, where, and how, in any way contributed to Plaintiff's alleged damages, other than the fact they had supervisory authority over the employees at the jail.

Additionally, the Complaint fails to adequately state a claim based on supervisory liability. There are no allegations of fact that there have been prior incidents regarding deliberate indifference to the serious medical needs of inmates at the detention facility, such that the need for additional specific training would be apparent to a reasonable public official. As a matter of pleading, there are insufficient facts alleged in the Complaint to support a theory of supervisory liability.

**ARGUMENT**

"The standard for deciding a motion to dismiss is whether it appears beyond doubt that the plaintiff can prove no set of facts to support his claim. *Connelly v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 21 L.Ed.2d 80 (1957). All facts set forth in the complaint are to be accepted as true and the court limits it consideration to the pleadings and exhibits attached thereto. *See* Fed.R.Civ.P. 10©." *G.S.W., Inc. v. Long County, Georgia*, 999 F.2d 1508, 1510 (11th Cir. 1993).

A motion to dismiss should be granted when it is clear the plaintiff can prove no set of facts in support of the claims in the complaint. *Powell v. United States*, 945 F.2d 374 (11th Cir. 1991). Accordingly, the court may dismiss a complaint pursuant to Fed.R.Civ.P.12(b)(6) when no construction of the factual allegations will support the cause of action. *Marshall County Bd. of Educ. v. Marshall County Gas District*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Additionally, when governmental officials sued in their individual capacities have asserted the defense of qualified immunity, the Eleventh Circuit has imposed a "heightened pleading requirement." *GJR Investments, Inc. v. County of Escambia, Florida,* 132 F.3d 1359, 1367 (11th Cir. 1998). In determining whether the plaintiff has stated a claim, the court is "guided both by the regular 12(b)(6) standard and by the heightened pleading requirement." *GJR Investments,* 132 F.3d at 1367.

Under the "heightened pleading requirement" the plaintiff's complaint must contain detailed allegations and specific facts concerning each defendant, which indicates what each defendant did that resulted in a violation of a clearly established federal right. *Taylor v. State of Alabama,* 95 F.Supp.2d 1297, 1313 (M.D.Ala. 2000). "Otherwise, the

court must conclude that the named defendants, sued in their individual capacities, are entitled to qualified immunity . . ." *Smith v. State of Alabama,* 996 F.Supp. 1203, 1212 (M.D.Ala. 1998).

### *Respondeat Superior* is not actionable under § 1983

There are no allegations in the Complaint against Defendants Marshall and Savage that they personally participated in causing Plaintiff's alleged injuries. Therefore, to the extent Plaintiff is attempting to hold the Defendants liable for the acts of their subordinates pursuant to a theory of *respondeat superior,* these claims are due to be dismissed. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978); *accord, City of Canton v. Harris*, 489 U.S. 378, 392 (1989). *Braddy v. Florida Dept. of Labor and Employment Security*, 133 F.3d 797, 801-02 (11th Cir. 1998); *Hardin v. Hayes*, 957 F.2d 845, 849 (11th Cir. 1992); *Collins v. School Bd. of Dade County, Florida*, 981 F.2d 1203, 1206 n. 6 (11th Cir. 1993).

### Plaintiff's Eighth Amendment Claim is Due to be Dismissed

Plaintiff has sued the Defendants alleging a violation of the Eighth and Fourteenth Amendments to the United States Constitution. By Plaintiff's own admission, Plaintiff was in the detention facility following her arrest. (Complaint, ¶ 10) Plaintiff was thus a pretrial detainee, and her claims are cognizable under the Fourteenth Amendment to the United States Constitution. As such, the Eighth Amendment is inapplicable. Any claims for violation of the Eighth Amendment should therefore be dismissed. *Cannon v. Macon County*, 1 F. 3d 1558, 1563 (11th Cir. 1993) (plaintiff must establish that an imprisonment "worked a violation of fourteenth amendment due process rights").

**All Official Capacity claims should be Dismissed**

All claims for monetary damages against Defendants Marshall and Savage in their official capacities should be dismissed because they are entitled to immunity pursuant to the 11th Amendment to the United States Constitution. *Harbert Intern, Inc. v. James,* 157 F3rd 1271, 1277, (11th Cir. 1998); *Lancaster v. Montor County, Ala.,* 116 F3rd 1419, 1429 (11th Cir. 1997). Defendants in their official capacities are also not considered persons subject to suit under Section 1983, and therefore all claims against them in their official capacities should be dismissed. *Will v. Michigan Dept. of State Police,* 491 U.S. 59, 71 (1989).

The Eleventh Amendment also bars Plaintiff's claims for declaratory relief against the Defendants in their official capacities. *See Green v. Mansour,* 474 U.S. 64, 73 (1985)(holding that the 11th Amendment barred a claim for declaratory relief because the issuance of a judgment would have "had the same effect as a full-fledged award of damages or restitution by the federal court"); *see also Summit Medical Assoc., P.C. v. Pryor,* 180 F.3d 1326, 1337 (11th Cir. 1999). Here, Plaintiff seeks declaratory relief related to alleged past violations of law by the Defendants in their official capacities. This type of relief is nothing more than a declaration that conduct is unconstitutional thus providing a basis for the award of money damages. The claims for declaratory relief against the Defendants in their official capacities are thus barred by the Eleventh Amendment.

**Defendants are entitled to Qualified Immunity**

In evaluating a defense of qualified immunity, the court must determine whether a complaint states a claim for a constitutional violation. *Siegert v. Gilley,* 500 U.S. 226,

232 (1991)("A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' at the time the defendant acted is the determination of whether the plaintiff has asserted a violation of a constitutional right at all"). If the plaintiff cannot establish a constitutional deprivation, the inquiry is over for it naturally follows that if there is no constitutional deprivation, the right is not clearly established and the official is entitled to qualified immunity. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

Plaintiff's Complaint fails to allege any personal involvement by Defendants Marshall and Savage, or a causal connection between any acts of Defendants Marshall or Savage and Plaintiff's alleged constitutional deprivation. Plaintiff merely alleges that the Defendants had supervisory responsibility over the medical staff at the jail, and that they failed to use adequate medical staff at the jail. There are no allegations that Defendants Marshall and Savage were ever made aware that Plaintiff was deprived of adequate medical care, or that they had any involvement in the Plaintiff's medical care.  Without any allegations of personal involvement, Plaintiff's claims fail to satisfy the heightened pleading requirement in this Circuit.  Defendants are thus entitled to qualified immunity with respect to Plaintiff's claims for monetary damages against them in their individual capacities.  *GJR Invs., Inc. v. County of Escambia,* 132 F.3rd 1359, 1367 (11th Cir. 1998); *Smith v. Alabama,* 996 F.Supp. 1203, 1212 (M.D.Ala. 1998).

With respect to Plaintiff's attempt to establish supervisory liability, Plaintiff's Complaint against the Defendants is also deficient. "To state a claim in § 1983 actions where a defendant/supervisor was not present when the alleged constitutional violation

occurred, as here, the standard for imposing liability upon the supervisor is "extremely rigorous." *Adams v. Franklin,* 111 F.Supp. 1255, 1265 (M.D. Ala. 2000) (*quoting Braddy v. Florida Dept. of Labor and Employment Security,* 133 F.3rd at 802).

> Supervisory liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences.

*Braddy*, 133 F.3d at 802 (*quoting Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)); *Wright v. Sheppard,* 919 F.2d 665, 674 (11th Cir. 1990) (no supervisor liability unless there was evidence of a "history of widespread prior abuse" such that the sheriff was "on notice of the need for improved training or supervision"); S*ims v. Glover*, 84 F.Supp.2d 1273, 1284-85 (M.D.Ala. 1999). Plaintiff's Complaint fails to allege any widespread history of abuses - i.e., any history of deliberate indifference in the provision of medical services to inmates - that is "obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." *Braddy,* 133 F.3d at 802; *Brown*, 906 F.2d at 671; *see also Gold v. City of Miami*, 151 F.3d 1346, 1351-52 (11th Cir. 1998); *Gold v. City of Miami*, 121 F.3d 1442, 1447 (11th Cir. 1997); *Tennant v. State of Florida*, 111 F.Supp.2d 1326, 1332-33 (S.D.Fla. 2000). Plaintiff has therefore failed to adequately plead a claim based on supervisory liability against Defendants Marshall and Savage. Plaintiff's claims against these Defendants should therefore be dismissed.

Plaintiff has also failed to allege or demonstrate that Defendants violated clearly established law. Defendants are entitled to qualified immunity because the constitutional

right Plaintiff claims was violated was not clearly established so that reasonable officials in the positions of Defendants Marshall and Savage would have understood that their actions, as alleged by the Plaintiff, were unconstitutional. "The relevant, dispositive inquiry in determining whether conduct is constitutional proscribed is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz,* 533 U.S. at 202. The applicable law "'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Hope v. Pelzer,* 536 U.S. 730, 739 (2002) *quoting Anderson v. Creighton,* 483 U.S. 635, 640 (1987). In determining whether the unlawfulness of an official's actions was clearly established, "the salient question…is whether the state of the law [at the time of the unconstitutional act] gave [the official] fair warning the [his] alleged treatment of [the plaintiff] was unconstitutional." *Williams v. Consol. City of Jacksonville,* 341 F.3d 1261, 1270 (11th Cir. 2003) *quoting Hope,* 536 U.S. at 741. Analyzed objectively, and in light of binding precedent at the time of the events alleged in Plaintiff's Complaint, there was nothing sufficient to give Defendants Marshall and Savage "fair warning" that their acts, <u>as alleged in the Complaint</u>, amounted to a violation of the Fourteenth Amendment. Defendants are therefore entitled to qualified immunity. *Hope,* 536 U.S. at 741.

### Plaintiff's claims for declaratory relief against the Defendants in their individual capacities must be dismissed

Plaintiff's claims for declaratory relief against Defendants Marshall and Savage in their individual capacities should also be dismissed,  Plaintiff is no longer incarcerated at the Montgomery County Detention Facility.  (Complaint, ¶ 14) Plaintiff's claims for declaratory relief against the Defendants in their individual capacities thus do not present to this Court a case or controversy for adjudication.  *See e.g., Spears v. Thigpen,* 846 F.2d

1327, 1328 (11th Cir. 1988)(An inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate is transferred from the prison facility).

## CONCLUSION

WHEREFORE, THE PREMISES CONSIDERED, Defendants Marshall and Savage respectfully move this Court to enter an order dismissing all claims against them in the above action, and awarding them any other relief to which they may be entitled.

*s/ Constance C. Walker*
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Attorneys for the Defendants
D. T. Marshall and Gina Savage

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
Post Office Box 4660
Montgomery, Alabama 36103-4660
334-265-8573
334-264-7945 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of January, 2008, I electronically filed the foregoing with the Clerk of the Court using the **CM/ECF** system that will send notification of such filing to the following counsel:

David W. Vickers
Aimee C. Smith
Law Offices of Vickers, Smith & White, LLC
22 Scott Street
Montgomery, Alabama  36104

Daniel F. Beasley
Lanier Ford Shaver & Payne, P.C.
Post Office Box 2087
Huntsville, Alabama 35801

                                                      *s/ Constance C. Walker*
                                                      OF COUNSEL

30218