RECEIVED
2008 FEB -7 P 4: 22
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| REBECCA LYNN GOWIN, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV:2:07-cv-01085-WKW-CSC |
| MONTGOMERY COUNTY COMMISSION, ET AL, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

COMES NOW the Plaintiff, Rebecca Lynn Gowin, and submit the following memorandum brief in support of her response to defendant's motions to dismiss.

## FACTS

On or about November 30, 2005, the Plaintiff was incarcerated in the Montgomery County Detention Facility (hereinafter, "the Jail") following an arrest. (Complaint, 3). She then went to the medical ward for an health related issue when a member of the medical staff jammed a Q-tip in her ear, causing it to break off in the ear where it stayed for an extended period of time. (Complaint, 3). On the day of her release, the Plaintiff suffered headaches, dizziness, nausea, and weakness. (Complaint, 4). The Plaintiff is still undergoing medical treatment she suffered from the damage of the Q-tip being jammed into her ear by the medical staff at the jail. (Complaint 4). The defendants in this matter are: the Montgomery County Commission, who is the governing body of Montgomery County, D.T. Marshall, who is the Sheriff of Montgomery County,

Gina Savage, who is the acting Director to the Jail, and Southern Health Partner, Inc., who employed the medical staff for the jail. (Complaint, 2-3). It is important to note that Southern Health Partner, Inc. was not named specifically in the body of the original complaint, but the complaint did name 'defendants, each and all' within the causes of action portion when citing references where the plaintiff's constitutional rights were violated by the defendants. (Complaint, 5).

**SUMMARY OF ARGUMENT**

Qualified immunity does not bar this complaint against any of the defendant governmental officials. The Plaintiff's well-established Eighteenth Amendment rights were violated by the actions of the medical staff at the jail. Vicarious liability is an actionable cause in this issue and the Montgomery County Commission is a proper party. While the original complaint does not specifically name Southern Health Partners within the body of the complaint, it does refer to 'defendants, each and all' within the cause of action portion of the complaint.

**STANDARD OF REVIEW**

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* Claims may be dismissed pursuant to a Rule 12(b)(6) motion only if the plaintiff cannot demonstrate any set of facts that

would entitle him to relief. See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The moving party has the burden of persuasion. See *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

**ARGUMENT**

The defendants raised the defense of qualified immunity in this matter. In a 1992 case, this court held that in a case where qualified immunity is implicated "some factual detail is necessary, especially [for the court] to be able to see that the alleged violated right was clearly established when the allegedly wrongful acts occurred." *Oladeine v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir.1992). In a 2000 case, this court rejected the heightened pleading requirement for local governments. *Marsh v. Butler County*, 225 F.3d 1243, 1245 (11th Cir.2000). Courts may not use this heightened pleading standard in regards to Section 1983 claims against local governments. *Arrington v. Dickerson*, 915 F.Supp 1503, 1512 (M.D. Ala. 1995), citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unity*, 507 U.S. 163, 168 (1993). Courts now apply "the tradition pleading requirement of Fed.R.Civ.P. 8(a) to the instant motion to dismiss, requiring only 'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rest.'" *Dorsey v. Wallace*, et al., 134 F.Supp.2d 1364, 1369 (N.D. Ga 2000). The plaintiff in this matter has met all the requirements she needed to meet in her statement of the claim. She has provided the defendants with short and plaint statements of the claim that gave the defendants notice and has given them the grounds on which her complaint rests.

It is true that qualified immunity can provide a defense against money damages for certain defendants. In § 1983 actions, the doctrine of qualified immunity protects state

officials from personal liability for on-the job conduct so long as the conduct is objectively reasonable and does not violate an inmate's clearly established federal rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Nonetheless, a state official may be held personally liable in a § 1983 action if he knew or should have known that he was violating a plaintiff's clearly established federal rights. *Id.* The relevant "inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [defendant] that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, (2001) (citing *Wilson v. Layne*, 526 U.S. 603, 615, 119 S.Ct. 1692, 1699-1700 (1999)). Dismissal is appropriate where "the law did not put the [defendant] on notice that his conduct would be clearly unlawful." *Id.*, 121 S.Ct. at 2156-57. The Defendants should have known that providing inadequate medical care for the inmates in their facility was unreasonable and unlawful in the harm created.

The Eighth Amendment of the United States Constitution, which is made applicable to the states through the Fourteenth Amendment, prohibits the use of cruel and unusual punishment upon prisoners in state care. To prevail on an Eighth Amendment claim regarding prison medical care, a plaintiff must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 1000 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04, 97 S.Ct. 285, 290-91 (1976)). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* The definition of serious medical need includes the following: failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that

significantly affects an individual's daily activities; or the existence of chronic and substantial pain. *McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). In this matter, a Q-tip jammed in an ear canal to the extent done to the plaintiff in this matter is a serious, unnecessary and wanton infliction of pain. This injury, created by the medical staff at the jail, created an injury that the plaintiff still has to address. The medical staff at the jail was deliberate his indifference in examine the plaintiff, to the point that the Q-tip on a basic exam ended up severely damaging the plaintiff ear.

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 838, 114 S.Ct. 1970, 1979 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). When a prison inmate received medical care the courts hesitate to find an Eight Amendment violation, however this hesitation does not mean that in the course of the physician's treatment, the treatment can constitute deliberate indifference. *Waldrop v. Evans,* 871 F.2d 1030, 1035 (11th Cir.1989).

In *Carswell v. Bay County,* the plaintiff made a series of requests for medical care and attention. *Carswell*, 854 F.2d 454 (11th Cir.1988). Although the medical staff diagnosed and provided some medication to the plaintiff, the court affirmed a jury verdict for the

plaintiff because the plaintiff's condition worsened and the jail medical staff failed to respond, "with evidence of knowledge the jury could have concluded that the failure to provide [plaintiff] with medical care constituted deliberate indifference." *Id.* at 457. Therefore, the question of whether or not the medical staff in this matter operated with deliberate indifference to the plaintiff's health by jamming a Q-tip in her ear should be left up to the jury to decide.

While a local government may not be held vicariously liable under §1983 for conduct of their employees, however, the local government may be held vicariously liable under §1983 for acts of employees for which the local government has responsibility for, these being acts that the local government has been officially sanctioned or ordered to do. *Scott v. Estes*, 60 F.Supp2d 1260, 1273 (M.D. Ala. 1999) citing *Turquitt v. Jefferson* County, Al., 137 F.3d 1285, 1287 (11th Cir. 1998). In determining if the county is liable for the action the court must "identify those officials or governmental bodies who speak with final policymaking authority for the local government actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 783 (1997). In order for the plaintiff in this matter to hold the employer liable under Alabama law, she must show that the employer: (1) had knowledge of the tortious conduct that was occurring, (2) based on this knowledge the employer should have known a continuous tort was occurring, (3) and the employer failed to take action against the tort from occurring. *Scott v. Estes*, 60 F.Supp2d 1260, 1274 (M.D. Ala. 1999). It is the plaintiff's position that given more discovery in this case, she will be able to meet these elements. Therefore, showing that the final policymakers in regards to staffing of the medical personal at the jail, knew or

should have know the medical personal were incompetent and the final policymakers were continuously putting the inmates in danger by failing to address the issue.

In regards to Southern Health Partners claim of not being named within the body of the complaint, the plaintiff firmly disagrees. While it is true that Southern Health Partners are not directly called out by using their specific name of 'Defendant Southern Heath Partners' within the body of the complaint, the complaint does refer to "defendants, each and all of them" on several occasions throughout the Cause of Action portion of the body of the complaint and proceeds to cite the plaintiff's complaint with the defendants in this matter. (Complaint, 5). In the Defendant, Southern Health Partners, motion to dismiss, it states several cases. One such case is *Pickett v. Bryan County*, this case states that a defendant in the case should be dismissed because he is only named in the complaint but not mentioned in the body of the complaint, nor did the complaint state how this defendant violated the plaintiff's constitutional rights. *Pickett v. Bryan County*, 2007 WL 1238530 (S.D. Ga. 2007). However, in this matter the plaintiff has shown in the body of the complaint how the defendants, each and all of them, violated her constitutional right. She should not have been subjected to such treatment during a routine medical exam. Southern Health Partner, who supplied the medical staff to the jail, knew or should have know that the staff they were supplying were incapable of reasonable and adequate medical care of the patients they were caring for. Competent medical examiners know not to jam Q-tips into patient's ear, causing them pain and damage to the ear.

**CONCLUSION**

The plaintiff has showed how all the defendants, including Southern Health Partners, have directly violated the plaintiff's constitutional right. The plaintiff went to the

medical ward to receive care involving a routine matter, and in the course of the exam she was subjected to torturous treatment of having a Q-tip jammed within her ear. This matter should not be dismissed on the grounds cited by the defendant's motion to dismiss at this time.

**DAVID W. VICKERS (VIC004)**
**AIMEE C. SMITH (SMI220)**
Law Offices of VICKERS SMITH AND WHITE, P.L.L.C.
22 Scott Street, 2nd Floor
Montgomery, Alabama 36104
(334) 264-6466

## CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Constance C. Walker
Thomas T. Gallion, III
HASKELL SLAUGHTER YOUNG & GALLION, LLC
305 South Lawrence Street
Montgomery, Alabama 36104

Daniel F. Beasley
Scott W. Faulkner
LANIER FORD SHAVER & PAYNE, PC
200 West Side Square, Suite 5000
Huntsville, AL 35801

**Done** on this the 7th day of February, 2008.

OF COUNSEL