UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REBECCA LYNN GOWIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CV: 2:07-cv-01085-WKW-CSC |
| | ) |
| MONTGOMERY COUNTY COMMISSION, et al., | ) |
| | ) |
|     Defendants | ) |

## REPLY BRIEF

The plaintiff makes two arguments in her opposition to the motion to dismiss of Southern Health Partners. Neither have any merit. The motion to dismiss filed by Southern Health Partners is due to be granted.

The plaintiff's first argument is that she adequately refers to Southern Health Partners in the body of the complaint, even though she does not name or in any way identify Southern Health Partners in the body, because she at times refers to "[t]he defendants, each and all of them." Those allegations referring collectively to the defendants are not sufficient to state a claim against Southern Health Partners. Identical allegations attributing conduct to "the defendants" were present in cases cited by Southern Health Partners in its initial brief, and the district courts in those

cases nonetheless dismissed the action because the defendant was not named or identified anywhere in the body of the complaint. See, e.g, Moore v. Bryan County, 2007 WL 518596, * 1 (S.D. Ga. 2007). In Bryan County, as here, the plaintiff in the body referred to "the defendants," asserting that "defendants are guilty," and that "defendants" conspired against the plaintiff. Id. at * 1. Notwithstanding these references, the district court dismissed the action against those who were not identified or named anywhere in the body of the complaint.

This Court should do the same in this case. It should be noted that, while plaintiff does refer to the "defendants, each and all of them," at a couple points in the complaint, she does not identify Southern Health Partners as a defendant in the "Parties" section of the complaint. Further, she does not assert any cause of action against the "defendants, each and all of them." Rather, she is very specific about the targets of the causes of action. Count 1 specifically lists as defendants the "[Montgomery] County Commission, Commissioners, Marshall, Savage." Count 2 specifically lists as defendants "Marshall, Savage." Nowhere, does plaintiff direct a cause of action against Southern Health Partners.

Southern Health Partners simply cannot be considered a defendant in this action at all. This is so even though it was listed in the caption and served with a copy of the complaint. This issue has been specifically addressed in this district. See

McReynolds v. Cotton States Ins., 2005 WL 2146034, * 2 (M.D.Ala. 2005) (holding that entities named in the caption but not mentioned in the body were not properly considered defendants at all). Therefore, any reference to "the defendants" in the body of the complaint cannot as a matter of law be interpreted to refer to Southern Health Partners.

The plaintiff's second argument to save her complaint against Southern Health Partners is to fall back on her fictitious party allegations. Even assuming there is fictitious party practice in federal courts in this circumstance, the plaintiff cannot satisfy the fictitious party standards under Alabama state law. Ala. R. Civ. P. 9(h) provides that a party can name fictitious parties only "[w]hen a party is ignorant of the name of an opposing party." Plaintiff cannot possibly contend she was ignorant of the name of Southern Health Partners when she listed it in the caption of her complaint. See Bell v. Sugarwood Homes, Inc., 619 So.2d 1298, 1302 (Ala. 1993) (holding that the reason for having the "fictitious parties" rule is to ensure that "[t]he diligent plaintiff who is truly ignorant of the defendant's identity at the time of filing the original complaint is not penalized").

Finally, the complaint is due to be dismissed because, even if allegations referring to the "defendants" were sufficient to name Southern Health Partners as a defendant, there is no allegation whatsoever that a policy or custom of Southern

Health Partners resulted in the alleged injury to the plaintiff. The law is clear that Southern Health is not liable for the alleged constitutional torts of its employees under § 1983 unless, as the Eleventh Circuit has explained, the plaintiff alleges that the acts of any employee were executing or implementing an official policy or custom of Southern Health Partners. Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir. 1997); Howell v. Evans, 922 F.2d 712, 724 (11th Cir. 1991).

The Eleventh Circuit routinely affirms the dismissal of complaint against governmental entities who, like Southern Health Partners, can only be liable for their policies or customs, when those complaints contain no policy or custom allegation. See, e.g., Adcock v. Baca, 157 Fed. Appx. 118, * 1-2 (11th Cir. 2005) (affirming the district court which dismissed a complaint on the basis that "it contained no allegation that Deputy Baca acted pursuant to an official custom or policy"); Young v. Fleming, 146 Fed. Appx. 393, * 2 (11th Cir. 2005) (affirming dismissal of district court, holding: "To the extent that Young is suing Igou in his official capacity, Young's complaint fails to state a claim because he did not allege an official policy or custom of the City that caused the deprivation of a federal right. Young's complaint alleged various individualized acts, but failed to allege any City policy or custom that injured him.").

## Conclusion

The plaintiff cannot get around the fact that she named Southern Health Partners only in the caption and nowhere else. She did not mention even once Southern Health Partners in the body of her complaint. She attributed no conduct to Southern Health Partners, and asserted no cause of action against it either. Requiring her to include nothing more than the name of Southern Health Partners in the body of the complaint and an allegation that a policy or custom of Southern Health Partners resulted in the alleged injury is not a demanding standard. Pleading rules must mean something. If they mean anything, they must mean that plaintiff's complaint is due to be dismissed.

s/ Daniel F. Beasley
Daniel F. Beasley


s/ Scott W. Faulkner
Scott W. Faulkner

LANIER FORD SHAVER & PAYNE, P.C.
200 West Side Square
Suite 5000
Huntsville, AL 35801
Phone: 256-535-1100
Fax: 256-533-9322
E-mail: dbeasley@lfsp.com, sfaulkner@lfsp.com

Attorneys for Defendant Southern Health Partners

CERTIFICATE OF SERVICE

      I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    David W. Vickers
    Aimee C. Smith
    VICKERS, SMITH & WHITE, PLLC
    22 Scott Steret
    Montgomery, Alabama  36104

    Constance C. Walker
    Thomas T. Gallion, III
    HASKELL SLAUGHTER YOUNG & GALLION, LLC
    305 South Lawrence Street
    Montgomery, Alabama  36104

on this the 19th day of February, 2008.

                                          s/ Scott W. Faulkner
                                          Scott W. Faulkner