**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT**

| | |
|---|---|
| **REBECCA LYNN GOWIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No.: 2:07cv1085-WKW |
| v. | ) |
| | ) |
| **MONTGOMERY COUNTY** | ) |
| **COMMISSION, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### REPLY BRIEF OF DEFENDANTS D. T. MARSHALL AND GINA SAVAGE

**COME NOW** Defendants D.T. Marshall and Gina Savage, and submit the following reply to Plaintiff's Response to Motion to Dismiss.

**ARGUMENT**

**A.    Marshall and Savage are entitled to qualified immunity.**

In Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff makes one argument regarding Defendants Marshall and Savage - that the Defendants Marshall and Savage are not entitled to qualified immunity from suit with respect to Plaintiff's claim for deliberate indifference.

According to Plaintiff, Defendants Marshall and Savage "failed and neglected to use qualified personnel to provide adequate medical care to the inmates at the jail, thus exposing Plaintiff to an unreasonable risk of harm." (Complaint, ¶ 24) Plaintiff further claims that Defendants Marshall and Savage were deliberately indifferent by subjecting Plaintiff and other inmates to a known risk of great harm. (Complaint, ¶ 36) Plaintiff also claims that Defendants Marshall and Savage "confined Plaintiff and all other

inmates in constitutionally deficient conditions, to-wit: inadequate medical care." (Complaint, ¶ 37)

Plaintiff's Complaint fails to meet the heightened pleading requirement applicable to § 1983 claims against governmental officials.  The Plaintiff must present "specific facts, concerning [Marshall and Savage], indicating that [Marshall and Savage have] violated his fourteenth amendment rights."  *Smith v. State of Alabama,* 996 F. Supp. 1203, 1212 (M. D. Ala. 1998).  Marshall is the Sheriff of Montgomery County.  Savage is the Director of the Montgomery County Jail.  Because they are supervisors, the Complaint must allege that Marshall and Savage either personally participated in providing inadequate medical care to the Plaintiff, or that there was a causal connection between the actions of Marshall and Savage and the constitutional violation of which the Plaintiff complains.  *Smith,* 996 F. Supp. 1212.

There is no allegation of personal participation by Marshall and Savage in the alleged constitutional violation set forth in Plaintiff's Complaint. The Complaint merely refers to Marshall and Savage as supervisory officials with the ultimate responsibility for providing medical care and for formulating policies at the jail.  This is not enough to establish any personal involvement by Marshall and Savage.

Plaintiff has also failed to allege a history of widespread abuse regarding inadequate medical care at the jail so that a reasonable supervisor would have been on notice of constitutional deprivations.  The deprivations that constitute widespread abuse must be "obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences."  *Braddy v. Fl. Dept. of Labor and Empl. Sec.,* 133 F.3d 797, 802 (11th Cir. 1998).  Plaintiff argues that Defendants Marshall and Savage "should have known that

providing inadequate medial care for the inmates in their facility was unreasonable and unlawful in the harm created. (Response, p. 4) This is not widespread abuse necessary to establish a causal connection needed for supervisor liability under § 1983. *Braddy,* 133 F. 3d at 802.

Plaintiff's claims for deliberate indifference against Defendant Marshall and Savage do not satisfy the heightened pleading standard for § 1983 claims against governmental officials. Because insufficient facts of personal involvement or of a causal connection have been pleaded, Defendants Marshall and Savage are entitled to qualified immunity.

*s/ Constance C. Walker*
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Attorneys for the Defendants
D. T. Marshall and Gina Savage

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
Post Office Box 4660
Montgomery, Alabama  36103-4660
334-265-8573
334-264-7945 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the **CM/ECF** system that will send notification of such filing to the following counsel:

David W. Vickers
Aimee C. Smith
Law Offices of Vickers, Smith & White, LLC
22 Scott Street
Montgomery, Alabama  36104

Daniel F. Beasley
Lanier Ford Shaver & Payne, P.C.
Post Office Box 2087
Huntsville, Alabama 35801

*s/ Constance C. Walker*
OF COUNSEL