IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REBECCA LYNN GOWIN | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No.:  2:07cv1085-WKW |
| MONTGOMERY COUNTY | ) |
| COMMISSION, et al. | ) |
| | ) |
|     Defendants. | ) |

**REPLY BRIEF OF DEFENDANTS THE MONTGOMERY COUNTY
COMMISSION AND THE MONTGOMERY COUNTY DETENTION FACILITY**

COME NOW Defendants the Montgomery County Commission and the Montgomery County Detention Facility, and for reply to Plaintiff's Response to Motion to Dismiss ("Response") state as follows:

**ARGUMENT**

**A.**   **The Montgomery County Commission is not a proper Defendant.**

Relying on *Scott v. Estes,* 60 F. Supp. 2d 1260, 1274 (M. D. Ala. 1999), Plaintiff argues that Montgomery County, as an employer, is liable for deliberate indifference of the medical staff at the county jail if (1) it had knowledge that tortious conduct was occurring, (2) based on this knowledge, it should have known a continuous tort was occurring, and (3) it failed to take action against the tort from occurring.  (Response, p. 6)  This language in *Scott v. Estes* refers to the test for holding an employer liable for the intentional torts of an employee under Alabama state law pursuant to a theory of ratification.  *See, Scott v. Estes,* 60 F. Supp. 2d at 1274-1275; *Potts v. BE &K Const. Co.,* 604 So. 2d 398, 400 (Ala. 1992).  This rule therefore has no application or relevance in

1

this case where the Plaintiff asserts a claim for deliberate indifference pursuant to 42 U.S.C. § 1983.

As set forth in the original motion to dismiss filed by Defendant the Montgomery County Commission, Plaintiff's § 1983 claim for deliberate indifference against the Montgomery County Commission should be dismissed because counties have no responsibility for the day-to-day operation of county jails or for supervising the Sheriff or his employees who work at the jail. *Turquitt v. Jefferson County,* 137 F.3d 1285, 1291-92 (11th Cir. 1998). Alabama sheriffs are not county policymakers in their daily management of county jails for purposes of 42 U.S.C. § 1983. *Turquitt,* 137 F.3d at 1290-91. The employees who work at the jail are also not employees of the Montgomery County Commission, but employees of the Sheriff, a state official. The duties of a county with respect to a jail "are limited to funding the operation of the jail and to providing facilities to house the jail." *Stark v. Madison County,* 678 So. 2d 787, 787 (Ala. Civ. App. 1996). In other words, the only duty a county has with respect to a county jail is the duty to maintain the physical jail structure and to keep the "jail and all equipment therein in a state of repair and to preserve it from failure or decline." *Keeton v. Fayette County,* 558 So. 2d 884, 886 (Ala. 1989); *Turquitt,* 137 F.3d 1289-90.

Plaintiff does not assert any claim against the Montgomery County Commission regarding the jail's physical structure or equipment. Plaintiff's claims against Defendant Montgomery County Commission should therefore be dismissed.

**B.  The Montgomery County Detention Facility is not an entity capable of being sued.**

In her Response, Plaintiff does address Defendants' argument that all claims against Defendant the Montgomery County Detention Facility should be dismissed.  As set forth in the original motion to dismiss, the Montgomery County Detention Facility is not a legal entity capable of being sued. *Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992). All claims against the Defendant identified in the Complaint as the Montgomery County Detention Facility should therefore be dismissed.

s/*Constance C. Walker*
Thomas T. Gallion, III (ASB-5295-L74T)
Constance C. Walker (ASB-5510-L66C)
Attorneys for the Defendants
Montgomery County Commission and
Montgomery County Detention Facility

**OF COUNSEL:**

**HASKELL SLAUGHTER YOUNG & GALLION, LLC**
Post Office Box 4660
Montgomery, Alabama  36103-4660
334-265-8573
334-264-7945 Fax

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of February, 2008, I electronically filed the foregoing with the Clerk of the Court using the **CM/ECF** system that will send notification of such filing to the following counsel:

David W. Vickers
Aimee C. Smith
Law Offices of Vickers, Smith & White, LLC
22 Scott Street
Montgomery, Alabama  36104

Daniel F. Beasley
Lanier Ford Shaver & Payne, P.C.
Post Office Box 2087
Huntsville, Alabama 35801

                                                                  s/*Constance C. Walker*
                                                                    OF COUNSEL

30210